IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIRECTV, LLC, a California limited | ) | Case No.:  1:15-cv-00105-TWP-TAB |
| liability company | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR A. SPINA, JR., and TC OF | ) | |
| MARTINSVILLE LLC d/b/a TEXAS | ) | |
| CORRAL a/k/a MARTINSVILLE TEXAS | ) | |
| CORRAL, | ) | |
| | ) | |
|         Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendant Victor A Spina, Jr. ( "Spina") moves to dismiss DirecTV's interception claims[1] against him personally for failure to state a claim against him personally, and DirecTV's conversion claim (Count 3) for failure to state a claim.

**I.   INTRODUCTION.**

DirecTV is in the business of re-distributing TV programming via satellite in exchange for monthly subscription fees. [Compl., ¶ 5].  It alleges that T.C. of Martinsville LLC a/k/a Martinsville Texas Corral runs a restaurant in Martinsville, IN (the "Establishment"), where on June 3, 2014 it:

> received, assisted in receiving, transmitted, assisted in transmitting, divulged, published and displayed the content and substance of DIRECTV Satellite Programming at such Defendants' place of business, TEXAS CORRAL, a/k/a MARTINSVILLE TEXAS CORRAL.
> [Compl., ¶ 19].

---

[1] Count 1 under 47 U.S.C. § 605 and Count 2 under 18 U.S.C. § 2511.

While the company that runs the restaurant (Martinsville Corral, Inc. denies these allegations)[2]

DirecTV claims Spina is also liable because he either:

- "was the individual with supervisory capacity and control over the activities occurring within the Establishment" [Compl., ¶ 11];

- "received a financial benefit from the operations of T.C. OF MARTINSVILLE LLC" [Compl., ¶ 12]; or

- "was the individual with close control over the internal operating procedures and employment practices of MARTINSVILLE CORRAL, INC." [Compl., ¶ 13];

Here, Spina seeks dismissal of the interception claims against him *personally* because DirecTV makes only conclusory allegations against him that lacks the specificity required for Federal pleadings.

Spina also moves to dismiss DirecTV's Count 3 (Conversion) for failure to state a claim because this claim is preempted by the Copyright Act, and a conversion only applies to *tangible* personal property.  Here, DirecTV only alleges "conversion" of its *intangible* "Satellite Programming."

## II.   STANDARD FOR A PLEADING TO WITHSTAND A MOTION TO DISMISS.

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in

---

[2] Martinsville Corral, Inc. ("MCI") will allege in its answer and counterclaim that DirecTV's claims are frivolous because DirecTV *itself* installed and activated the DirecTV system at the restaurant in 2011, and that MCI has continuously paid its monthly DirecTV subscription fees.  Apparently, when DirecTV installed this system, it designated the restaurant in its database as a "residence" instead of a "business."  This went unnoticed for five years. According to DirecTV, when it recently discovered its mis-designation, it transformed MCI's last five years from an authorized DirecTV "subscription" into an unauthorized "interception" of its programming.  In its view, (or at least the view of its contingent-fee counsel) DirecTV has hit the jackpot for "statutory damages in the amount of $10,000 for each violation of 47 U.S.C. § 605, plus an additional $100,000." [Compl., p. 11].  Of course, these facts are irrelevant to this Motion to Dismiss -- they are provided just for background.

favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Here the Amended Complaint is legally deficient with respect to its allegations against Spina, even when viewed in the light most favorable to DirecTV. Instead, the Amended Complaint only makes conclusory accusations unsupported by facts and should be dismissed as a matter of law.

III.   **ARGUMENT**

A.   **The Interception Claims Against The Spinas Should be Dismissed Because the Amended Complaint Fails to Allege that They Were Present or "Exercised Close Control" Over the Alleged Interception or "Received a Financial Benefit."**

To state a claim against an individual for violation of 47 U.S.C. § 605, the complaint must allege facts showing that the individual had supervision or control over the infringing activities, or that the person reaped some commercial benefit. In the absence of allegation of such specific facts, the Complaint must be dismissed as to the individual defendants. For example, interception claims were dismissed against individual defendants in *J & J Sports Prods. Inc. v. Mayrealii, LLC*, Order on Motion to Dismiss Case ELH-11-3345 (D. Md., February 1, 2012). In that case, the Court ruled:

> Here, as in *Iqbal*, plaintiff's allegations as to individual liability amount to mere "labels and conclusions." Plaintiff alleges, without distinguishing between the individual defendants and Mayreal, that "[d]efendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program," and that the violation "by each of the Defendants [was] done willfully

and for purposes of direct or indirect commercial advantage or private financial gain." But, this is a mere "formulaic recitation of the elements of [the] cause of action." *Twombly*, 550 U.S. at 555. Plaintiff alleges no facts to show that Mr. Parker (or, for that matter, Mr. Garcia) had personal knowledge of, or the ability to supervise and control, the alleged unlawful interception of the Program. For instance, there is no allegation that the individual defendants were present at the nightclub when the Program was shown, that they personally authorized the interception and display of the Program, or that they authorized advertisements for the display of the Program or the imposition of a cover charge to profit from the display. Indeed, the only specific factual allegations made with respect to Parker and Garcia are that both are named on Mayreal's liquor license, and that Parker is Mayreal's resident agent. In addition, plaintiff alleges conclusorily and upon information and belief that Parker and Garcia are "officer[s], director[s], shareholder[s], employee[s], agent[s], and/or other representative[s]" of Mayreal. (Exhibit 1, at 9-10).

Here, DirecTV's allegations are essentially identical to the "mere formulaic recitation of the elements of [the] cause of action" found insufficient in *J & J Sports Prods. Inc.* DirecTV alleges that Spina:

- "was the individual with "supervisory capacity and control over the activities occurring within the Establishment" [Compl., ¶ 11];

- "received a financial benefit from the operations of T.C. OF MARTINSVILLE LLC" [Compl., ¶ 12]; or

- "was the individual with close control over the internal operating procedures and employment practices of MARTINSVILLE CORRAL, INC." [Compl., ¶ 13];

Because these allegations are indistinguishable from the deficient allegations of *J & J Sports Prods. Inc.*, Claims 1 and 2 against Spina fails to state a claim and should be dismissed.

**B.    DirecTV's Conversion Claim (Count 3) Fails To State A Claim Because It Is Preempted By the Copyright Act and It Fails to Allege Conversion of Tangible Personal Property.**

DirecTV's Claim 3 for "conversion" of its "satellite programming"[3] also fails to state a claim.  DirecTV has known for over fourteen years that a claim for "conversion" of its "satellite programming," is preempted by the Copyright Act and that a conversion claim does not apply to intangible "satellite progrmming."   In *Directv, Inc. v. Beecher*, 296 F.Supp.2d 937 (S.D. Ind., 2003) this Court dismissed DirecTV's claim for conversion of its satellite programming:

> The parties here agree that DirecTV's satellite broadcasts were of material that was copyrighted and "fixed in tangible form." The issue is whether the rights DirecTV asserts under state law are equivalent to the rights specified in 17 U.S.C. § 106. In general, and subject to important exceptions, Section 106 gives a copyright owner exclusive rights to reproduce the work, to prepare derivative works, to distribute copies, and to perform or display the work publicly. To avoid preemption of the state law claims for theft and conversion, DirecTV must show that those claims include an "extra element" that changes the nature of the state law action so as to make it qualitatively different from a federal copyright infringement claim. *United States ex rel. Berge v. Board of Trustees of Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir.1997). DirecTV has not alleged any such extra element, and its brief does not identify any such extra element that would overcome the preemption defense. DirecTV also has not alleged any theft or conversion of any tangible property. Accordingly, under Section 301(a), DirecTV's claims for theft and conversion of satellite broadcast are preempted. See *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 849-50 (D.Mass.1986).
> *Id,* at 944.

Consistent with *Directv, Inc. v. Beecher*, DirecTV's present conversion claim (Count 3) must be dismissed.

**IV.    CONCLUSION**

For the reasons stated above, DirecTV's Claims 1 and 2 should be dismissed against Spina, and Claim 3 should be dismissed against all defendants.

---

[3] "Due to Defendants' wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages."  [Compl. ¶ 39].

Respectfully submitted,


By:   /s/ Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549
Attorneys for Defendants

### EXHIBITS

| 1 | *J&J Sports v. Mayrealii,*  <u>Order on Motion to Dismiss</u>, Case 11-3345 (MD, February 1, 2012) |
|---|---|

### <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


By:   s/Paul B. Overhauser
        Paul B. Overhauser